IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TERENCE TERRELL BRYAN, | ) | Civil Action No.  4:07-00021-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| SCDC; | ) | |
| NFN Jackson, Officer; | ) | |
| NFN Miles, Sergeant; | ) | |
| NFN Thomas, Captain; | ) | |
| NFN Anderson, Officer; | ) | |
| NFN Hatchet, Officer; | ) | |
| NFN Wigting, Officer; | ) | |
| NFN Price, Major; | ) | |
| NFN Green, Officer; | ) | |
| NFN Jefferson, Corporal; and | ) | |
| NFN Mebride, Officer | ) | |
| | ) | |
| Defendants. | ) | |

_____

The plaintiff, Terence Terrell Bryan, filed this action on January 4, 2007, alleging violations of his constitutional rights.[1]  During the time of the matters alleged in his complaint, plaintiff was housed at the Lee Correctional Institution ("LCI").

On March 7, 2007, plaintiff filed a letter with the Clerk of Court requesting a motion for injunctive relief. This letter is being treated as a motion for injunctive relief. (Document #5).  In this document, plaintiff states as follows, quoted verbatim:

> The C.O.s named in the complaint are retaliating. I called my lawyer

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

> in my PCR case, Hector F. Esquire [sic] (843) 785-8800, yesterday I was supposed to call back, they put a block on the phone so I can't call back today! Today, earlier this morning Sgt. Williams lied on Johnny Calloway saying that he tried to stab him with a weapon, they almost broke his arm, I saw him being taken to medical. . . They searched his room no weapon was found cause he had none.
>
> We feel out lives are in danger and we need to be separated from the officers. Counsel for the defendants is being copied. He should contact the investigator here to look into this before some one is killed.[sic]

(Document # 5).

Based on the above, plaintiff is requesting to be separated from the officers at LCI who are named as defendants in this case. On June 18, 2007, plaintiff filed a notice of change address with the court. Plaintiff informed the court that he had been transferred to McCormick Correctional Institution. (Document #13). Therefore, plaintiff's claims for injunctive relief are now moot in that plaintiff was transferred from the LCI. Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition complained of. <u>Williams v. Griffin</u>, 952 F.2d 820, 825 (4th Cir. 1991); <u>Ross v. Reed</u>, 719 F.2d 689, 693 (4th Cir. 1983). Accordingly, it is recommended that plaintiff's motion for injunctive relief (document #5) be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 11, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**