UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TERRENCE TERRELL BRYAN, | ) | Civil Action No.: 4:07-cv-0021-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| SCDC, et. al, | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.      INTRODUCTION**

Plaintiff, who is proceeding pro se, is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Although not explicitly stated in his Complaint, Plaintiff presumably brings this action pursuant to 42 U.S.C. § 1983 for failure to follow the grievance policy, excessive force, retaliation, improper training, medical malpractice, withholding books and legal materials, and due process violations. Presently before the Court are Defendants' Motion for Summary Judgment (Document # 110) and Plaintiff's Motion for Injunctive Relief (Document # 123). Because Plaintiff is proceeding pro se, the undersigned issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because these motions are potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

**II.     FACTS AND ALLEGATIONS**

   A.     Excessive Force

Plaintiff alleges that, on January 5, 2006, Officer McBride refused to give him any food.

Plaintiff asserts that Officer McBride was mad at him for a previous incident and started threatening him. When Officer McBride and Johnson, McBride's supervisor, came to Plaintiff's cell, McBride bumped into Plaintiff as he came out of his cell and Johnson had to step between the two of them. As they were walking, Plaintiff placed some papers near the laundry room. Johnson grabbed Plaintiff by the arm and took him towards the Disciplinary Hearing. Plaintiff stated he needed to get his papers, so Johnson released his arm so he could go get them. As he was reaching for his papers, Officer McBride pushed him in his back, grabbed him by the neck and dropped down on him. Officer McBride applied pressure on Plaintiff's neck. Plaintiff alleges that numerous officers had to pull Officer McBride off him. See Amended Complaint at ¶ 9; Inmate Grievance Form, Grievance No. LCI-0347-06 (Document # 30). Plaintiff submits the affidavit of Steven Goldman, who avers that on January 5, 2006, he was in the holding cell across from the laundry room at LCI. Goldman Aff. at ¶ 1. Goldman witnessed Officer McBride push Plaintiff in his back for no reason, grab him by the neck, and drop him down. Id. at ¶ 2. Goldman avers that McBride was strangling Plaintiff and officer had to pull McBride off of Plaintiff and restrain him so he wouldn't attack Plaintiff again. Id. at ¶ 2-3. Goldman also avers that he never saw Plaintiff attempt to attack McBride. Id. at ¶ 4.

     Officer McBride submits an affidavit in which he states on January 5, 2006, he was assisting Corporal (now Sergeant) Jefferson escort Plaintiff to a disciplinary hearing. McBride Aff. at ¶ 2. Plaintiff attempted to get away from Officer McBride and Sgt. Jefferson. Id. at ¶ 3. Shortly thereafter, Plaintiff charged Officer McBride. Id. Officer McBride avers that, pursuant to SCDC Policy and Procedure No. OP-22.01–Use of Force, he placed his right hand on Plaintiff's right arm and forced him to the floor and nothing further out of the ordinary took place during the incident.

Id. at ¶ 4. Plaintiff was subsequently charged with 809–Threatening to Inflict Harm on an Employee. Id. at ¶ 5.

      B.      Other Claims

In addition to the above claim for excessive use of force, Plaintiff also asserts various other, generalized claims.

Plaintiff alleges that Inmate Grievance Coordinator Donna Mitchell did not conduct a complete investigation into the grievance regarding Officer McBride's use of force and did not make recommendations to the warden concerning the disposition of the grievance. He asserts that IGC Mitchell did not question inmates who witnessed the incident.

Plaintiff alleges that General Counsel David Tartarsky defamed his character by indicating on a grievance form that he had been gassed for his inappropriate behavior. Plaintiff asserts that he was never gassed.

Plaintiff alleges generally that there are not enough doctors to care for all of the inmates, which results in long delays in seeing the doctors. Plaintiff does not point to one specific event in which he claims doctors were negligent or violated his constitutional rights.

Plaintiff alleges generally that the officers are not properly trained in the use of chemical munitions, but does not point to any specific incident in which his constitutional rights were violated.

Plaintiff alleges that, because he is in SMU/lock-up, Defendants daily deny him access to books, magazines, newspapers, and newsletters. Plaintiff claims that he is "suffering" the loss of current legal information and the SCDC law libraries have not ordered new books since 2003.

Plaintiff alleges that the SCDC disciplinary system violates an inmate's right to due process but points to no specific due process violation suffered by him.

Plaintiff alleges that he asked to listen to tapes from hearings on five separate 822 charges, but was only allowed to listen to one.

### III.     STANDARD OF REVIEW

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).  The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material

fact." In the Celotex case, the Court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

**IV.     DISCUSSION**

        A.     Excessive Force

It is well established that the use of excessive force upon an inmate violates the Eighth Amendment's prohibition against cruel and unusual punishment. Hudson v. McMillian, 503 U.S. 1, 5 (1992). To establish an Eighth Amendment claim for cruel and unusual punishment, the plaintiff must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 298. The subjective component requires the inmate to show that the officers applied force not "in a good faith effort to maintain or restore discipline," but rather applied force "maliciously and sadistically for the very purpose of causing harm." Hudson, 503 U.S. at 6-7. The objective component requires the inmate to prove that the use of force was more than de minimis or, in the alternative, that it was repugnant to the conscience of mankind. Id. at 9-10. De minimis injury can be conclusive evidence that the force used was also de minimis and, therefore, not violative of constitutional protections. See Norman v. Taylor, 25 F.3d 1259, 1264 (4th Cir. 1994).

Appropriate force may be used by prison officials when it is intended to maintain the discipline within a prison institution or to restore order. See Hudson, 503 U.S. at 6; Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The subjective component of an excessive force claim requires an inmate to demonstrate that the force used by an institutional official "inflicted unnecessary and wanton pain and suffering." Hudson, 503 U.S. at 7. In evaluating such a claim,

"the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. (Internal quotations omitted). In determining whether a prison official acted maliciously and sadistically the court should consider: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; and (4) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7; Williams, 77 F.3d at 762. A question of fact exists as to the type and amount of force used by Officer McBride.

Nevertheless, assuming Plaintiff's allegations are true, the plaintiff has failed to establish a sufficient injury. As explained by the Fourth Circuit Court of Appeals in Norman v. Taylor, 25 F.3d at 1263, "absent the most extraordinary circumstances, a Plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Because de minimis injury may serve as evidence that de minimis force was used, an excessive force claim should not lie where a prisoner's injury is de minimis. Id. at 1262-63. "[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973). See also Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996) (holding prison officials are entitled to use appropriate force to quell prison disturbances, and acting under pressure without the luxury of a second chance, an inmate must demonstrate that officials applied force maliciously and sadistically for the very purpose of causing harm).

Here, Plaintiff has not alleged any specific injuries and any allegations of injury are de minimis. Further, the PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other

> correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir.1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering). Here, as discussed above, the plaintiff has not made such a showing of physical injury which is more than de minimis.[1] Accordingly, this claim should be dismissed.

  B. Other Federal Claims

To the extent Plaintiff is claiming his denial of books and legal materials violates his constitutional rights, such a claim must fail because Plaintiff's Complaint does not contain allegations of any kind of specific injury suffered by Plaintiff himself as a result of his lack of access to legal materials. In absence of such allegation of specific, particularized, personal injury, a viable § 1983 claim for denial of access to court or for some other constitutional violation is not stated. See Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (plaintiff must allege actual injury resulting from allegedly inadequate jail library in order to state a claim under section 1983 ); Michau v. Charleston County, S.C., 434 F.3d 725, (4th Cir.2006) (in access to court claim, inmate must allege and show that he has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions); Magee v. Waters, 810 F.2d 451 (4th Cir.1987) (actual injury

---

[1] Likewise, to the extent Plaintiff is asserting any type of medical indifference claim, that claim fails because Plaintiff has failed to allege or show anything more than de minimis injury as a result of any medical indifference.

required of city jail inmate who received books after delay and was allowed one hour of library time a week). Other circuits also have required a showing of injury or prejudice in cases involving minor or indirect restrictions on access to materials and assistance. See, e.g., Mann v. Smith, 796 F.2d 79 (5th Cir.1986) (no denial of access to county jail inmate with access to legal assistance but not library who nevertheless was able to file legally sufficient claim); Cookish v. Cunningham, 787 F.2d 1 (1st Cir.1986) (denial of access to law library, except for emergency matters, during two-week quarantine period does not state violation); Hudson v. Robinson, 678 F.2d 462 (3d Cir.1982) (actual injury must be shown; that library is noisy, open at inconvenient times, with no free supplies, and with notary not always available does not state claim); Twyman v. Crisp, 584 F.2d 352 (10th Cir.1978) (use of library restricted to two hours a week did not lead to any prejudice, so no denial of access).

To the extent Plaintiff is complaining that Defendants failed to comply with SCDC policy, such a claim fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir.1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C.1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983 ).

Furthermore, the "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994). Even assuming that Defendants violated SCDC grievance procedures, such actions do not state a claim which is actionable under § 1983 . See Brown v. Dodson, 863 F.Supp. 284 (W.D.Va.1994).

To the extent Plaintiff is claiming that his due process rights were violated with respect to some specific disciplinary hearing, such a claim fails. In <u>Wolff v. McDonnell</u>, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935(1974), the United States Supreme Court addressed the due process rights of federal prisoners during disciplinary proceedings. The Supreme Court enumerated the following five procedural safeguards which are required in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) written notice of the charges 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative if charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the fact-finder as to the evidence relied upon and the rationale behind the disciplinary tribunal's conclusion. <u>Wolff</u>, 418 U.S. at 563-66.   Plaintiff does not allege that he was denied any of these procedural safeguards.  Thus, any claim that the disciplinary proceedings violated his constitutional rights is without merit.

In sum, the undersigned finds that none of the claims raised in Plaintiff's Amended Complaint, rise to the level of constitutional violations.  As such, summary judgment is appropriate on Plaintiff's claims under 42 U.S.C. § 1983.

  C.  State Law Claims

Plaintiff fails to submit sufficient evidence to create a genuine issue of material fact on any of his federal constitutional claims.  Thus, it is recommended that summary judgment be granted as to those claims.  If the district judge accepts this Report and Recommendation, then the original federal jurisdiction claims will be dismissed.  Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . .

the district court has dismissed all claims over which it has original jurisdiction . . . ." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989). Therefore, the undersigned recommends that the district judge decline to retain jurisdiction over Plaintiff's state law causes of action.

## V. CONCLUSION

For the reasons stated above, it is recommended that Defendants' Motion for Summary Judgment (Document # 110) be granted.[2]

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 3, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[2] It is recommended that Plaintiff's Motion for Injunctive Relief (Document # 123) be denied. Plaintiff seeks an order directing medical personnel to provide him with a ceratin type of shoes because of pain in his feet and legs. Plaintiff asserts that he first complained of foot and leg pain on July 17, 2008. The record reveals that Plaintiff received insoles with arch supports on July 15, 2008.
Courts are directed to leave prison administration to the discretion of those best suited to running the prisons. Granting plaintiff injunctive relief would have the effect of allowing a prisoner to "approve" actions taken by the prison administration that might have an impact on him, because any attempt to require his compliance might be construed (by any of the parties) as a violation of the order. Importantly, Plaintiff has not shown that he is currently subject to a real and immediate threat of harm. See Los Angeles v. Lyons, 461 U.S. 95 (1983).