IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Terrence Terrell Bryan, | ) | C.A. No. 4:07-00021-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SCDC, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

By Order filed February 27, 2009, the undersigned dismissed this action and granted summary judgment for the defendants. (Doc. #141). On May 27, 2009, this Court entered an Order denying the plaintiff's Rule 59(e) Motion to Alter or Amend Judgment. (Doc. #151). On July 30, 2009, the Fourth Circuit Court of Appeals issued an unpublished opinion affirming this Court's decision. (Doc. #154). The Fourth Circuit issued its mandate on September 9, 2009. (Doc. #161).

This matter is now before the Court for consideration of the plaintiff's motion to reconsider filed pursuant to Federal Rule of Civil Procedure 60(b) on August 28, 2009. (Doc. #158). The plaintiff filed a supplement to this motion on September 2, 2009. (Doc. #160).

Federal Rule of Civil Procedure 60(b) provides in part that:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Rule 60(b) provides an extraordinary remedy that can be invoked only upon a showing of exceptional circumstances. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991)(quoting Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979)).

In the motion to reconsider, the plaintiff asserts that he intended to file this action in state court in Richland County, South Carolina. The plaintiff adds that "[i]t is still unknown as to how this case ended up in Federal Court . . . where there was no notice of removal filed by opposing counsel." (Doc. #158). The record indicates that the complaint in this case was mailed to the Clerk's Office for the District of South Carolina, Columbia Division, by the Clerk of Court for Richland County, South Carolina. (Doc. #1). However, even if the plaintiff did not initially intend to file the instant action in federal court at that time, the plaintiff elected to allow his case to remain in federal court.

Shortly after the initial complaint was filed in this action, the United States Magistrate Judge to whom this case was previously assigned issued a Proper Form Order. (Doc. #4). In the Order, the Magistrate Judge directed the plaintiff to complete a number of steps to bring his case into proper form. At this point, the plaintiff had the option to abandon this action in federal court and pursue his action in state court. However, the plaintiff made the affirmative decision to take steps to comply with the Proper Form Order. On March 27, 2007, the Magistrate Judge issued a subsequent Proper Form Order indicating that some, but not all, of the steps detailed in the initial Proper Form Order had been complied with, and giving the plaintiff another opportunity to bring his case into proper form. Following the issuance of this Order, the plaintiff filed an amended complaint. (Doc. #25). Two subsequent Proper Form Orders were later issued. (Doc. #28)(Doc. #37). At multiple stages,

the record indicates that the plaintiff took affirmative steps to allow his case to remain in federal court. He did not ask for a remand until his case was dismissed.

The Court has fully reviewed the record in this case. The record indicates that the plaintiff elected to actively pursue his rights in federal court. This Court concludes that there is no basis, at this late stage in the litigation, to reopen the plaintiff's case and remand the case to state court for further proceedings. This Court makes no findings as to whether the plaintiff has the right to pursue any claims by now filing an action in state court. For this reason, the plaintiff's motion for reconsideration is **DENIED**. (Doc. #158).

**IT IS SO ORDERED**.

                                                s/Terry L. Wooten
                                          United States District Judge

February 19, 2010
Florence, South Carolina